23-7168 (L)
*United States v. Greenberg*

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2024

(Argued:  January 8, 2025     Decided:  February 3, 2025)

Docket Nos. 23-7168 (L), 23-7249 (Con)

UNITED STATES OF AMERICA,

*Appellee,*

–v.–

JULIA GREENBERG, AKA SEALED DEFENDANT 3, ULADZIMIR DANSKOI, AKA SEALED DEFENDANT 2,

*Defendants-Appellants,*

YURY MOSHA, AKA SEALED DEFENDANT 1, ALEKSEI KMIT, AKA SEALED DEFENDANT 4, TYMUR SHCHERBYNA, AKA SEALED DEFENDANT 5, KATERYNA LYSYUCHENKO,

*Defendants.**

Before:     WALKER, ROBINSON, and MERRIAM, *Circuit Judges.*

---

* The Clerk's office is directed to amend the caption as reflected above.

Defendants-Appellants Julia Greenberg and Uladzimir Danskoi appeal from criminal judgments entered in the United States District Court for the Southern District of New York (Oetken, *J.*) convicting them of a single count of conspiracy to commit immigration fraud. Defendants raise several challenges to the convictions, most of which are addressed in a summary order issued contemporaneously with this opinion.

In this opinion, we address only Defendant Greenberg's challenges to the legal sufficiency of one of the charged objects of the conspiracy—namely, committing immigration fraud by obtaining certain immigration documents knowing them to be "forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained," in violation of 18 U.S.C. § 1546(a) para. 1 ("Paragraph 1"). Greenberg argues that Paragraph 1 does not reach the possession of *authentic* documents that one knows to have been procured by a false claim or statement but is instead limited to *counterfeit* documents.

We conclude that the plain language of Paragraph 1 applies to the possession of authentic documents known to have been procured by means of a false claim. Through the summary order and this opinion, we thus AFFIRM the district court's judgments.

---

DAVID R. FELTON (Jonathan E. Rebold, Jacob R. Fiddelman, on the brief), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

BEAU B. BRINDLEY, The Law Offices of Beau B. Brindley, Chicago, IL, *for Appellant Greenberg.*

JAMES M. BRANDEN, Law Office of James M. Branden, Staten Island, NY, *for Appellant Danskoi.*

---

1

PER CURIAM:

Defendants-Appellants Julia Greenberg and Uladzimir Danskoi appeal criminal judgments entered in the United States District Court for the Southern District of New York (Oetken, *J.*). For the reasons set forth below and in a summary order issued contemporaneously with this opinion, we AFFIRM the judgments.

## BACKGROUND

Defendants-Appellants Julia Greenberg and Uladzimir Danskoi were convicted of a single count of conspiracy to commit immigration fraud. Danskoi was a partner at Russian America, an immigration services firm in New York that purported to provide translation and other services for individuals in immigration proceedings. The government presented evidence that Danskoi and other charged conspirators associated with Russian America steered clients into fraudulently applying for asylum based on fabricated stories, and that Greenberg, an immigration attorney, then represented those individuals in immigration proceedings and further bolstered their applications, despite knowing that they were fictitious. Both Defendants were convicted pursuant to a general verdict following a two-week jury trial in December 2022.

Most of Defendants' challenges to the convictions are addressed in a summary order issued contemporaneously with this opinion. This opinion deals solely with Greenberg's challenge to whether the government met its burden to prove the second alleged object of the conspiracy—namely, committing immigration fraud by obtaining certain immigration documents knowing them to be "forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained," in violation of 18 U.S.C. § 1546(a) para. 1 ("Paragraph 1").

As relevant to this opinion, the government introduced evidence that Greenberg coached CS-1 and CS-3, two government informants who were posing as applicants for asylum based on fabricated stories, in their asylum proceedings after Russian America submitted the applicants' written applications. The government's theory at trial was that Defendants' conspiracy to secure I-94 forms, documenting grants of asylum, was tantamount to a conspiracy to violate Paragraph 1. Greenberg contends that as a matter of law, Paragraph 1 does not apply to that conduct.

**DISCUSSION**

Paragraph 1 punishes:

> Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained . . . .

18 U.S.C. § 1546(a).

Greenberg argues that this provision does not reach possession of *any* authentic immigration documents – no matter how they were procured – but rather punishes only counterfeiting and possession of counterfeit documents. She contends that the triggering requirement of Paragraph 1 is that the documents in question be forged, counterfeited, altered, or falsely made, and that the reference to obtaining, possessing or using "any such" documents refers *only* to documents that were forged, counterfeited, altered, or falsely made. *See* Greenberg Br. at 28. We disagree.

Paragraph 1 reaches *both* "knowingly forg[ing], counterfeit[ing], alter[ing], or falsely mak[ing]" any of the specifically listed immigration-related documents

4

in the statute, *and* receiving, possessing, or using "any such [document] . . . knowing it to be forged, counterfeited, altered, or falsely made, *or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.*" 18 U.S.C. § 1546(a) para. 1 (emphasis added). We read "any such" document as referencing the specific list of immigration-related documents covered by the statute, not the means of falsifying those documents.

It is a "cardinal principle of interpretation that courts must give effect, if possible, to every clause and word of a statute." *Liu v. Sec. & Exch. Comm'n*, 591 U.S. 71, 89 (2020) (citation omitted). "[I]f it can be prevented," we construe statutes such that "no clause, sentence, or word shall be superfluous, void, or insignificant." *El Omari v. Int'l Crim. Police Org.*, 35 F.4th 83, 90 (2d Cir. 2022) (citation omitted). Greenberg's construction would effectively require the Court to ignore the statute's specific reference to receipt, possession, or use of documents known "to have been otherwise procured by fraud or unlawfully obtained." That statutory clause expressly encompasses fraudulent acquisition of immigration documents through means other than forgery and counterfeiting. Greenberg's reading would render it inoperative. This reinforces our conclusion that the plain language of Paragraph 1 proscribes the receipt or possession of an authentic document that one knows to have been procured by a false claim or statement.

5

Every court to have considered this provision has reached the same conclusion. *See, e.g.*, *United States v. Kouevi*, 698 F.3d 126, 134 (3d Cir. 2012) (holding that the plain language of Paragraph 1 "prohibits the possession and use of authentic immigration documents obtained by fraud"); *United States v. Krstic*, 558 F.3d 1010, 1017 (9th Cir. 2009) (concluding, based on statutory history and "common sense," that Paragraph 1 "prohibits possessing an otherwise authentic document that one knows has been procured by means of a false claim or statement").

Greenberg relies primarily on *United States v. Campos-Serrano*, 404 U.S. 293 (1971), for the proposition that Paragraph 1 pertains only to "counterfeiting," whereas *other* paragraphs of § 1546(a) address fraud in the acquisition of authentic immigration documents, *id.* at 301 n.13. We agree with the district court that "*Campos-Serrano* cannot support the weight Greenberg places upon it." *United States v. Greenberg*, No. 1:21-cr-00092, 2022 WL 827304, at *18 (S.D.N.Y. Mar. 9, 2022) (Nathan, *J.*) (alterations accepted). In *Campos-Serrano*, the Court considered whether an "alien registration receipt card" was a document required for "entry into . . . the United States" such that § 1546(a) para. 1 proscribed possession of a counterfeit version of it. 404 U.S. at 295. The Court did not address whether

Paragraph 1 prohibited possession of an otherwise authentic document obtained through a false claim.

And, contrary to Greenberg's argument, reading Paragraph 1 to reach both authentic and inauthentic documents does not render Paragraph 4 of § 1546(a) superfluous. Paragraph 4 punishes "knowingly mak[ing] under oath . . . any false statement with respect to a material fact" in an immigration application. 18 U.S.C. § 1546(a) para. 4. Paragraph 4 does not cover the *possession* or *receipt* of fraudulently obtained documents, which is addressed only in Paragraph 1.

In sum, based on the plain text of the statute, we conclude that Paragraph 1 unambiguously prohibits the knowing acquisition, possession, or use of authentic immigration documents obtained by fraud or false statement and thus the rule of lenity doesn't apply. *See United States v. DiCristina*, 726 F.3d 92, 104 (2d Cir. 2013) ("[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute." (citation omitted)).

Greenberg does not otherwise challenge the factual sufficiency of the government's evidence on this reading of the statute. Accordingly, the district court's inclusion of violating Paragraph 1 as one object of the charged conspiracy was not error and provides no basis to overturn Greenberg's conviction.

**CONCLUSION**

For these reasons and for the reasons set forth in the separately issued

summary order, we AFFIRM.